### BAB v. HIRSCHBEIN.

*(Common Pleas of New York City and County, General Term. February 2, 1891.)*

REAL-ESTATE AGENT—ACTION FOR COMMISSIONS—DEFECTIVE TITLE.

By a written contract for the sale of real estate the vendee agreed "to pay all commissions or brokerage arising by reason of the sale of said property." The title proved defective, and the contract was never performed. In an action against the vendee for commissions plaintiff alleged that the vendor employed him to sell the property on condition that the vendee should pay the commission, and that defendant, with knowledge of this fact, agreed to pay plaintiff's commission. *Held,* that plaintiff had no cause of action on the contract between the vendor and vendee; he could only recover on defendant's oral agreement with him; and testimony was admissible that defendant agreed to pay his commission only if the title proved good.

Appeal from city court, general term.

Action by Charles Bab against Moritz J. Hirschbein. Defendant appeals from a judgment of the general term of the city court, affirming a judgment of that court entered on the verdict of a jury, and an order denying a motion for a new trial. For former report, see 11 N. Y. Supp. 776.

Argued before ALLEN, BISCHOFF, and PRYOR, JJ.

*E. F. & A. C. Hassey,* (*John Henry Hull,* of counsel,) for appellant. *Maurice Rapp,* for respondent.

ALLEN, J. This is an appeal from a judgment of the city court affirming a judgment which was entered upon a verdict at a trial term of said court in favor of the plaintiff. The action was brought by the plaintiff to recover from the defendant a broker's commission for the sale of property. An agreement in writing was entered into between the vendor and defendant, which contained the following clause: "And the party of the second part agrees to pay all commissions or brokerage arising by reason of the sale of said property." The agreement was never performed, as the title proved defective, and the contract was afterwards canceled. The complaint alleges that one Lane, the owner of the property, employed plaintiff to sell the same upon condition that the purchaser should pay the commission on the same, and the plaintiff procured the defendant to purchase the premises at the price of $28,500; and that defendant, well knowing the terms upon which the plaintiff was employed, agreed to pay the plaintiff's commission. The answer is a denial of the allegations of the complaint, and, as a further defense, alleges an agreement between defendant and plaintiff, whereby plaintiff was only to receive commissions in case the title to said premises proved good; that the title proved defective, and that, therefore, plaintiff was not entitled to his commission. If the plaintiff had a cause of action against the defendant for his commission as broker upon the sale of this property, it necessarily was based upon the oral contract between the plaintiff and defendant, and the agreement by the defendant to pay the plaintiff's commission. Sufficient is pleaded in the complaint to support an action upon the oral contract. There was no right of action in the plaintiff under the written contract between the vendor and the vendee. The case of *Lawrence* v. *Fox,* 20 N. Y. 268, and other kindred cases, have no application. According to the doctrine of those cases, to entitle the plaintiff to an action on this clause of the contract it must have been made for his benefit; he being neither a party nor privy to the contract, nor to the consideration. This clause of the contract was for the benefit of the vendor, and not for the benefit of the broker; and presumably the vendor sold the property for less than he otherwise would, on account of this provision in the contract. The trial of the case in the court below, however, was conducted upon the theory that the action was brought upon the contract of sale between the vendor and the purchaser; and the case was presented to the jury by the learned justice at trial term upon that theory, for he charged the jury that there was but one question for them to consider, and that was, who was the cause of Lane and Hirschbein signing the contract? thus assuming that, if the plaintiff was the procuring cause of the contract, he was entitled to recover under the contract, irrespective of any oral contract on the part of the defendant to pay the commission, and irrespective of the further question whether or not there was any agreement between the plaintiff and defendant that no commission should be paid if the title proved bad. These were matters for the consideration of the jury in deciding as to what was the oral contract, if any, between the plaintiff and defendant. The defendant was sworn as a witness, and testified as to what the contract between him and plaintiff was, and swore that he said he would not sign the contract unless Mr. Bab stated he should not pay the commissions if the title was not good; and that Mr. Bab so stated in the presence of Mr. Hassey. The court, of its own motion, struck out all the evidence of the witness as to any contract that he had made that he should not be held liable for commissions unless the title was good, on the ground that whatever was agreed between them was merged in the written contract. After this the witness further testified that it was agreed that the plaintiff was not to have a commission unless the title proved good. At the close of the testimony of this witness, upon the motion of

plaintiff's counsel to strike out parts of his testimony as irrelevant, immaterial, and incompetent, the court said: "The motion is granted as to all the evidence given by this witness as to what the contract was as to the payment of the commissions, on the ground that it is merged in the written contract;" and to this the defendant's counsel took an exception. We think this such error as requires us to reverse the judgment. The only recovery which could be upheld, under the circumstances of this case, must rest upon the oral agreement between the plaintiff and the defendant as to the payment of commissions. The defendant's testimony as to what the agreement was between him and the plaintiff was entirely withdrawn from the jury by the action of the trial judge. We think there should be a new trial of this case, and the judgment is accordingly reversed, and a new trial ordered, with costs to abide the event. All concur.